EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN TOOLING CONSULTANTS, LLC
A MICHIGAN LIMITED LIABILITY COMPANY

      Plaintiff,                                  Case No.: _____

v.                                                Hon. _____

PRECISION METAL WORKS, INC.
A KENTUCKY CORPORATION                      **JURY DEMAND**

      Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Michigan Tooling Consultants, LLC ("MTC"), through counsel, states as follows for its complaint and jury demand.

1.     Defendant Precision Metal Works, Inc. ("Precision") is a Kentucky corporation which has a principal place of business (corporate headquarters) at 6901 Preston Hwy., Louisville, Kentucky 40219, and a registered agent and registered office address of Robert V. Waterman, Meidinger Tower, 22nd Floor 462 South Fourth Street, Louisville, Kentucky 40202-3485. Precision is a citizen of Kentucky and only Kentucky (no other state), and not of Michigan. This Court has personal jurisdiction over Precision.

2.     Plaintiff MTC is a Michigan limited liability company, with its principal and only office, and registered resident agent and registered office in the

1

Eastern District of Michigan, Southern Division, 1011 Thompson Shore Drive, Howell, Michigan  48843, with one member (Mr. Bradley Plasky) who is a resident and citizen of Michigan, and not any other state. MTC regularly and systematically conducts business in the Eastern District of Michigan, Southern Division, including Livingston, Macomb, and Oakland Counties, Michigan. MTC is a citizen of Michigan and not a citizen of any other state.

3.     The amount in controversy exceeds $75,000.00, a jurisdictional requirement of this Court; additionally, Plaintiff seeks equitable relief.

4.     Transactions and occurrences giving rise to the claims in this Complaint occurred in and/or affected people and companies, and/or had other consequences in the Eastern District of Michigan, Southern Division, including the matters addressed herein.

5.     There is diversity jurisdiction under 28 USC 1332, since the amount in controversy exceeds $75,000.00 and Plaintiff and Defendant are residents and citizens of different states.  The facts as more fully set forth in this Complaint that Plaintiff has sustained damages well in excess of the jurisdictional amount, and this Honorable Court has jurisdiction over this case.

6.     This Honorable Court has jurisdiction over this case, and venue is appropriate pursuant to 28 U.S.C. §1391(b). Venue is further proper before this

Court, given the location of Minth's (defined below) corporate office in the Eastern District of Michigan, Southern Division.

7. This Court has jurisdiction over the Defendant, and venue is proper in this District.

8. This Honorable Court has jurisdiction over this case and venue is appropriate.

## Count 1

9. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

10. MTC has acted as a sales representative in the automotive supplier industry and other non-automotive industries.

11. MTC among other talents, skills and capabilities has over the course of its existence developed a very strong network of automotive customers.

12. MTC has expended significant expenses over many years (much to the benefit of Defendant) which were needed to cultivate strong customer relationships with customers including, but not limited to, Minth Group Ltd. ("Minth").

13. Defendant Precision produces numerous parts and components for use in the automotive industry, including parts being sold to Minth.

14. In late 2018, Precision and MTC entered into a very specific sales representative commission agreement (see attached exhibit, the "Agreement"), whereby MTC would act as a commissioned sales representative for Precision concerning Minth.

15. Pursuant to this Agreement, MTC was to be paid nothing until Precision began actually selling to Minth. Then, only after Precision was receiving money from Minth, Precision would pay a small commission to MTC out of the much larger receipts from Minth.

16. In other words, Precision would be paying MTC from the actual receipts from Minth (and thus using only funds from Minth to make the payments due to MTC).

17. After executing the Agreement, MTC went to work, and facilitated and procured Minth programs for Precision. Indeed, MTC worked for the better part of three years, dedicating enormous resources, plus incurring out of pocket costs and many other expenses, receiving no compensation whatsoever.

18. Finally, in 2021, as sales started and Minth began making payments to Precision, Precision in turn began making commission payments, as required by the Agreement. Then, with commissions payments just beginning, Precision sent a February 4, 2022 purported 60-day notice of termination, incorrectly stating that the effective date of termination is April 5, 2022. However, the 60-day notice

simply stops the renewal process, and does not alter the termination date in 2025. Indeed, section 6 of the Agreement provides the following.

> MTC will act as exclusive sales representative for [Precision] for the sale of products to the exclusive account [Minth] for an initial term commencing on the date of the P42R And P42Q Nissan Program awards, and ending on October 31, [2025] (the "Term"), which Term. will be automatically extended for additional periods of one (1) year each **unless either party gives written notice to the other, at least sixty (60) days prior to the expiration of the then current Term.**

19.     Thus, the 60-day notice must be given by approximately August 31, 2025, in order to prevent some extensions of the Term past October 31, 2025. The 60-day notice cannot be used to terminate the contract prior to October 31, 2025.

20.     Moreover, regardless of the timing of the end of the Term, in 2025 or at some other time, Precision owes commissions on all existing business with Minth. Precision's erroneous attempts to terminate the Agreement, and failing to timely and fully pay commissions due under the Agreement, is a breach and violation of the Agreement, which requires commissions to be paid on existing (and some other) business. Precision cannot stop paying commissions upon contract termination.

21.     Indeed, section 6 of the Agreement requires post-termination commission payments on all current business, stating the following.

> Notwithstanding the termination of this Agreement, MTC will be paid commissions as required by paragraph 2 on all [Precision's] Net Sales to Minth contained in Minth's orders accepted by [Precision] during

the Term prior to the Termination Date or resulting from quotes to Minth by [Precision] during the Term prior to the Termination Date…

22. Thus, the Agreement requires commission payments until the end of the programs.

23. Therefore, the commissions will be as follows.

|  | Sales to Minth | 4.5% Commissions per section 2 of the Agreement |
|---|---|---|
| Year 1 | $8.6 Million | $387,000 |
| Year 2 | $8.6 Million | $387,000 |
| Year 3 | $8.6 Million | $387,000 |
| Year 4 | $8.6 Million | $387,000 |
| Year 5 | $8.6 Million | $387,000 |
| **TOTALS** |  | **$1,935,000** |

24. Therefore, pursuant to the Agreement, Precision should pay $1,935,000

25. Defendant is simply trying to keep the money it promised to pay to MTC under the Agreement.

26. Plaintiff MTC has performed its obligations pursuant to the Agreement.

27. Defendant has breached the Agreement by failing to make commission payments due and owing to Plaintiff MTC.

28. Defendant has made, and will continue to make, profit on the sales, business and customers procured by MTC.

6

29. MTC is entitled to damages, for breach of the Agreement by Defendant.

30. Plaintiff MTC provided a significant amount of work and services, and expended significant resources to procure and assist with the commissioned sales.

31. Defendant owe MTC commissions for periods before and after the expiration or termination of the Agreement between MTC and Precision.

32. Defendant has breached obligations by intentionally failing to pay commissions owed under the Agreement.

33. Defendant has copies of all documentation and written instruments exchanged between the parties, including documentation concerning the Agreement, in its possession and control.

34. Under the Agreement, MTC and Defendant agreed that MTC would be compensated on a commission basis for all orders, products and/or business obtained by Defendant from Minth, including successor products, next generation products and functionally equivalent products that performed the same function and applications of the Products, for the life of the Products.

35. MTC procured the business from Minth by diligent pursuit of business, MTC's contacts, and MTC's resources.

36. MTC was successful in procuring orders for Defendant from, among perhaps others, Minth, resulting in a tremendous level of sales for Defendant.

37. Additionally, Defendant will owe MTC commissions on Defendant sales to Minth described in the Agreement, in the future.

38. MTC procured the Customers by diligent pursuit of the Customers, contact with the Customers, and MTC's resources.

39. Defendant acknowledged the obligation to pay Plaintiff MTC sales commissions, through payment of commissions and otherwise, and Defendant benefited from the unique capabilities, strong relationships, hard work, support, and other efforts by Plaintiff MTC.

40. Defendant has intentionally failed to pay commissions owed to MTC after Defendant attempted to terminate their relationship and the Agreement with MTC.

41. Additionally, due to the relationships, agreements, and other conduct and facts stated herein, Defendant had fiduciary duties, duties of trust and confidence and other duties that arose which it owed to MTC.

42. Based in part on MTC's understandings, and the contractual, fiduciary and other duties owed by Defendant, Plaintiff MTC worked hard and diligently on the Defendant business and transactions.

43. Defendant has liability for withholding commission payments from MTC. Defendant will owe a penalty, and will be liable for all of MTC's costs and attorney's fees under the sales representative provisions of MCL 600.2961, *et seq*., as discussed below.

44. MTC has performed its obligations pursuant to the Agreement between MTC and the Defendant.

45. Defendant has made, and will continue to make, profit on the sales of Products and or processing and/or other services or Products to Customers, orders and sales procured by MTC.

46. Additionally, upon information and belief, Defendant has underpaid MTC for prior commissions earned by MTC.

47. Thus, MTC is entitled to damages, for breach of the Agreement by Defendant.

## Count 2

48. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

49. Alternatively, Plaintiff MTC has a contract implied in law with Defendant.

50. Alternatively, Plaintiff MTC has a *quasi contract* with Defendant under the same terms as those stated in the Agreement with Defendant.

## Count 3

51. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

52. Plaintiff MTC was the procuring cause of the Customers' business, contracts and orders, as well as procuring the Customers and/or divisions, subsidiaries and/or locations of the Customers.

53. Plaintiff MTC should recover damages for all Customers and sales procured for Defendant.

## Count 4

54. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

55. The Defendant is liable under one or more state sales representative acts.

56. Precision is a "principal" pursuant to the Sales Representative Act, the "Act," MCL § 600.2961, *et seq.*

57. MTC is a "sales representative" pursuant to the Act.

58. Defendant has/or will intentionally fail to pay commissions within 45 days after the date of termination of the Agreement, and upon information and belief, will continue to do so for additional payments that become due in the future.

59. Defendant is liable for each commission payment, for attorney fees and costs, plus an amount equal to two times the amount of a monthly commission payment, up to $100,000 for each payment.

60. Additionally, there might be other sales representative acts and/or law that are applicable.

## Count 5

61. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

62. MTC has expended time and effort, and used its training, resources, skill, expertise and experience, in order to obtain and procure the commissioned sales referred to herein.

63. Defendant has benefited from the time, effort and resources expended by MTC in obtaining those sales.

64. It would be inequitable and unjust for Defendant to retain this benefit.

65. Defendant has been unjustly enriched as a result of MTC's efforts in assisting with the commissioned sales.

66. MTC is therefore entitled to recover for unjust enrichment and for quantum meruit.

## Count 6

67. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

68. Defendant owes the commissions to Plaintiff MTC on account.

69. Defendant has failed to pay the amounts owed to Plaintiff MTC on account.

## Count 7

70. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

71. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the Defendant from violating the Agreement, and taking other action that is improper and/or harmful to Plaintiff MTC, including any action that would damage Plaintiff MTC's reputation.

72. Plaintiff MTC obtains a significant stream of revenue from commissions due under the Agreement, and upon information and belief, the loss of the commissions would substantially interfered with Plaintiff MTC's ability to conduct business and to continue to grow and conduct its business, and obtain new business, and will continue to do so.

73. The amount of this damage and harm would be difficult to determine with any degree of certainty. Therefore, among other things, it would be very difficult to calculate the total monetary effect of this potential harm to MTC.

74. Upon information and belief, MTC is likely to succeed on the merits.

75. Granting injunctive relief would be less harmful to Defendant than would be the harm of denying the relief to Plaintiff MTC.

76. Public policy favors granting the injunctive relief.

## Count 8

77. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

78. Pursuant to Plaintiff MTC's Agreement with Defendant, and otherwise, MTC is the beneficial owner and proper recipient of the commissions owed to him.

79. When Defendant received and receive payments from the Customers, Defendant received and receive the amount of Plaintiff MTC's commission in trust for payment to Plaintiff MTC pursuant to the Agreement with MTC and otherwise.

80. Plaintiff MTC has a constructive trust over the commissions received by Defendant from the Customers.

81. This Court should establish a constructive trust over payments received by the Defendant from Customers, so that the commissions are paid immediately to Plaintiff MTC.

82. The Defendant has misled MTC concerning the payment of commissions, and have committed other conduct, including interference with payments under the Agreement, breach of contract, fraud, silent fraud and other conduct, making imposition of a constructive trust appropriate.

83. Indeed, the Defendant has kept, and therefore acquired, property belonging to MTC as a result of, undue influence, and/or other circumstances that render it unconscionable for the Defendant to retain the commission payments owed to MTC.

## Count 9

84. The previous allegations, and all other allegations in other counts of this compliant, are incorporated herein by reference.

85. Defendant has not properly reported the amount of commissions due MTC.

86. MTC is due an accounting of all amounts paid, and which were supposed to be paid to MTC pursuant to the Agreement.

## Count 10

87. The previous allegations, and all other allegations in other counts of

this complaint, are incorporated herein by reference.

88. MTC is entitled to a declaratory judgment, adjudicating that MTC is entitled to commissions both to the present date and going forward.

## Count 11

89. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

90. As indicated above, due to the relationships, dealings, agreements and other conduct and facts stated herein, Defendant has fiduciary duties, duties of trust and confidence, and other duties that they owed to MTC.

91. MTC placed its trust and repose in Defendant and relied upon and trusted Defendant in financial and other matters.

92. Due to the conduct of the parties, and other facts, Defendant owed MTC fiduciary duties.

93. Defendant breached their fiduciary duties owed to MTC.

## Count 12

94. The previous allegations, and all other allegations in other counts in this complaint, are incorporated herein by reference.

## Count 13

95. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

96. Defendant made the representations constituting promises relating to payment of commissions and other obligations concerning the Agreement.

97. Alternatively, Defendant made enforceable promises to MTC and Defendant is estopped under the doctrine of promissory estoppel from denying that promise, and must arrange for payment pursuant to those promises to MTC.

98. MTC acted in reliance on the promises from Defendant, and undertook the actions necessary to procure the actual Customers and to procure and obtain business and sales concerning the Customers.

99. Defendant reasonably expected that MTC would take action and/or forbear from taking action, including action of a definite and substantial character, as a result of being induced by its promises.

100. MTC did actually take action and/or forbear from taking action, including action of a definite and substantial nature and character, as a result of Defendant' promises.

101. Injustice can only be avoided by enforcement of the promises, and the promises are otherwise enforceable.

WHEREFORE, MTC is entitled to judgment against Defendant for the following relief:

    A. All unpaid commissions and other amounts owed;

    B. The balance owed from prior commissions due, even if such commissions were partially paid;

C. Two times the amount of all monthly unpaid commissions pursuant to MCL 600.2961(5)(b);

D. All damages for breach of contracts, including but not limited to the Agreement;

E. Reasonable attorney fees and court costs pursuant to MCL 600.2961(6) and other law;

F. Establishment of a constructive trust over all past due commissions, all currently due commissions, and all future commissions under the Agreement;

G. All amounts due to MTC under the Agreement;

H. A judgment finding fraud by the Defendant;

I. A judgment for permanent and/or other injunctive relief, and preliminary relief prior to judgment;

J. Damages that MTC incurred as a result of Defendant' failure to pay amounts owed;

K. Additional damages for commissions on future sales procured by MTC, and/or from Customers procured by MTC;

L. Damages for unjust enrichment and quantum meruit;

M. Interests, costs and attorney fees under all applicable law; and

N. All other relief in favor of Plaintiff MTC that the Court and/or the jury deem fair, just, equitable and/or appropriate under the law.

## **JURY DEMAND**

Plaintiff MTC hereby demands a trial of this matter by jury.

Respectfully submitted,

POWELL MURPHY

/s/ Steven C. Powell
By: Steven C. Powell (P39433)
Attorneys for Plaintiff MTC
40701 Woodward Ave., Suite 301
Bloomfield Hills, MI 48304
(248) 723-4390
Email: scpowell@powellmurphylaw.com

Dated: April 5, 2022