UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN TOOLING CONSULTANTS, LLC,

    Plaintiff,

v.                                             Case No. 22-10725

PRECISION METAL WORKS, INC.,        Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO TRANSFER

      This case involves a dispute over sales commissions. The plaintiff sales representative is a Michigan limited liability company that is suing the defendant manufacturer, a Kentucky corporation. The matter is before the Court on Defendant's Motion to Transfer, brought pursuant to 28 U.S.C. § 1404(a). Defendant asks the Court to transfer this case to the United States District Court for the Western District of Kentucky. The parties have briefed the issues and the Court concludes that a hearing is not necessary. The Court DENIES the motion because, while this case could have been brought in that district, a consideration of the relevant factors warrants against transferring the case there under § 1404(a).

## BACKGROUND

      On April 5, 2022, Plaintiff Michigan Tooling Consultants, LLC filed this action against Defendant Precision Metal Works, Inc., based upon diversity jurisdiction. Plaintiff is a Michigan limited liability company that acted a sales representative for Defendant, a Kentucky corporation. In this action, Plaintiff claims that Defendant breached the parties' agreement and

asserts claims under Michigan's Sales Representative Act, Mich. Comp. Laws § 600.2961 *et seq*., along with other claims, including quasi-contract claims, such as implied contract, quantum merit, and unjust enrichment.

On August 11, 2022, Defendant filed a Motion to Transfer under 28 § 1404(a), asking this Court to transfer the case to the United States District Court for the Western District of Kentucky. The motion is opposed.

It is undisputed that Plaintiff is a Michigan limited liability company, located in Michigan. Brad Plasky is Plaintiff's managing member and the chief executive office of the company. Plaintiff is a sales representative company, based in Michigan. (Plasky Decl.).

Defendant is a Kentucky corporation, with its principal place of business in Kentucky. Defendant is a metal forming, assembly, and manufacturing company that does business with customers nationwide who contact Defendant to manufacture and supply various metal products. (Stanley Aff.). Although Defendant's opening brief asserts that it "lack[s] connections to Michigan," (Def.'s Br. at 1), its reply brief states then concedes that it "does not dispute that it has ties to Michigan." (Def.'s Reply Br. at 3).

On October 23, 2018, Defendant entered in to a written sales representation agreement with Plaintiff, for Plaintiff to serve as a sales representative for Defendant as to its sales to an entity called Minth Group Ltd ("Minth"). (*See* ECF No. 5-4). That agreement provides that it is governed by Michigan law. (*Id.* at 5). Plasky signed the agreement on behalf of Plaintiff and Richard Stanley signed it on behalf of Defendant. (*Id*. at 5-60).

Plaintiff alleges that after executing the agreement, it went to work to procure Minth programs for Defendant. (Compl. at 4). Plasky's Declaration states that Defendant's employees,

including Nathan Carr, traveled to Michigan relating to that work. (Plaskey Decl.).

On February 4, 2022, Defendant's Director of Business Operations, Mark Matthews, sent Plaintiff a termination letter relating to Minth. It is undisputed that Mark Matthews lives and works in Michigan. (*See* ECF No. 5-5; Def.'s Reply Br. at 4 n.3). Plaintiff's complaint alleges that it is owed commissions from Defendant relating to sales to Minth that is procured.

## ANALYSIS

Defendant's motion asks this Court to transfer this case to the United States District Court for the Western District of Kentucky, pursuant to 28 U.S.C. § 1404(a). Notably, this case does not involve a forum-selection clause.

Under 28 U.S.C. § 1404(a), a district court "may" transfer any civil action to "any district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice."

Here, there can be no dispute that this action *could have* been brought in the United States District Court for the Western District of Kentucky, where Defendant is incorporated and has its principal place of business. *See* 28 U.S.C. §1391(b)(1). Thus, the Court must determine if the action should be transferred there.

"As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citations omitted).

"A district court ruling on a motion to transfer under 28 U.S.C. § 1404(a) should consider 'the private interests of the parties, including their convenience and the convenience of potential witnesses,' public-interest concerns, as well as whether the transfer is in the interests of justice."

3

*Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (quoting *Moses v. Bus. Card Express, Inc*., 929 F.2d 1131, 1137 (6th Cir. 1991)). In doing so, a district court may consider factors such as: 1) the convenience of the parties and witnesses; 2) the location of documents and the relative ease of access to sources of proof; 3) the locus of the operative facts; 4) availability of process to compel attendance of witnesses; 5) cost of obtaining witnesses; 6) the forum's familiarity with the governing law; 7) the weight accorded to the plaintiff's choice of forum; 8) trial efficiency; and 9) the interests of justice. *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006). The Court need not consider all of those factors.

As a general rule, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Means v. United States Conf. of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (citations omitted). Transfer should not occur when the effect is merely to shift the inconvenience from one party to another. *Sullivan v. Tribley,* 602 F.Supp.2d 795, 800 (E.D. Mich. 2009)

This Court concludes that a consideration of the relevant factors warrants denying Defendant's motion and retaining jurisdiction of this case here.

As many courts have recognized, the location-of-documents factor is a neutral factor in today's modern era of faxing, emailing, and scanning of documents. *See, e.g., Coker v. Bank of America*, 984 F.Supp. 757, 765 (S.D. NY 1997); *Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.* 676 F.Supp.2d 623, 635 (W.D. Mich. 2009); *Wayne Cnty. Emp. Retire. Sys. v. MGIC Inv. Corp.*, 604 F.Supp.2d. 969, 976 (E.D. Mich. 2009).

The locus of operative facts is also neutral, as relevant events occurred in both Michigan

(where Plaintiff is located and operates) and in Kentucky (where Defendant is located and has its principal place of business).

The forum's familiarly with the governing law weighs slightly in favor of retaining jurisdiction. The parties' written agreement expressly provides that Michigan law applies. (*See* ECF No. 5-4 at 5) (Providing the contract is "enforceable in accordance with Michigan law which will be binding on both of us as well as on our successors and permitted assigns"). Because this federal district court is located in Michigan, this Court is more familiar with applying Michigan law as it frequently applies it in diversity cases.

The convenience of the witnesses is "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F.Supp.2d 934, 937 (E.D. Mich. 2001). "In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses." *Id*. (citation omitted). Thus, the movant should provide each witness's name and an outline of what anticipated material testimony that witness would provide. *Id.*

Defendant failed to do that here. Defendant's opening brief devotes just two sentences to this key factor. (Def.'s Br. at 6-7). Rather than identify the material witnesses who reside in Kentucky, Defendant vaguely asserts that "most of the witnesses in this matter are located in Kentucky." (Def.'s Br. at 6). Defendant asserts that the witnesses who accepted the agreement and communicated with Minth reside in Kentucky. (*Id.*). Defendant has not identified any non-party material witnesses who reside in Kentucky.

While Stanley, Defendant's President who signed the agreement with Plaintiff resides in

Kentucky, other key witnesses do not. Plasky, Plaintiff's managing member and CEO, and all of Plaintiff's representatives reside in Michigan. And contrary to Defendant's assertion that "[t]he only witness located in Michigan" is Plasky (Def.'s Br. at 8), Defendant's own Director of Business Development, Mark Matthews – who sent Plaintiff the termination letter on behalf of Defendant pertaining to the Minth business, also lives and works in Michigan. (*See* ECF No. 5-5; Def.'s Reply Br. at 4 n.3). Given that Defendant contends that the "gravamen of this dispute is whether Precision properly exercised its termination clause in the Agreement," (Def.'s Reply Br. at 3), Matthews is a material witness. This key factor weighs against transfer.

The weight to be afforded Plaintiff's choice of forum also counsels against transfer. Again, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Means v. United States Conf. of Catholic Bishops*, 836 F.3d at 651. Here, it does not. Rather, if the Court were to transfer this case to Kentucky, it would merely be shifting the inconvenience from one party to the other.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to Transfer is DENIED.

IT IS SO ORDERED.

        s/Sean F. Cox  
        Sean F. Cox  
        United States District Judge

Dated: November 4, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2022, by electronic and/or ordinary mail.

        s/Jennifer McCoy  
        Case Manager